IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| HARRY T. COLLINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civ. No. 17-1220-GMS |
| KARREN STEELLMEN, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Harry T. Collins ("Collins"), appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 4.) Collins commenced action on August 28, 2017 alleging race discrimination. (D.I. 2.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

Collins alleges that jurisdiction is proper based upon a federal question due to "administration, segregation, too much prejudice going on in Wilmington Housing Authority ("WHA")." (D.I. 2 at 3.) Collins alleges that the WHA receives federal subsidized monies for the WHA program.

Collins has lived in WHA property for three years. He alleges that since his arrival he has put up with nothing but abuse from the tenants and staff. Collins, who is white, alleges that the racial breakdown in his building is 98 percent Black, one percent White, and one percent Hispanic. Collins complains that only one White person and one Hispanic person work for the WHA.

1

Collins further complains that a tenant who lives on his floor has been stealing from him, but he cannot prove it. He has asked administration to check the cameras and has been given the run around, and he was told that he could not be helped if he did not know the exact time and day. He has also sought assistance from the police. Collins alleges that "all these people are Black and they just keep brushing [him] off," and in the meantime the girl keeps stealing his things. (*Id.* at 5.) Collins alleges that if there were Whites living in his building and working for the WHA he would not have this problem and it would have been taken care of a long time ago. Collins alleges that if you are White and poor you do not stand a chance against the welfare system because everything is run by Black people.

Collins seeks injunctive relief in the form of a federal investigation, criminal charges brought against the alleged thief, and the firing of WHA employees.

### III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Collins proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Collins leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual

3

allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

While not clear, it seems that Collins attempts to raise claims under the Fair Housing Act ("FHA") which prohibits discrimination in housing sales and rentals. Section 3604(b) makes it illegal to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

To the extent Collins pursues claims based upon some form of discrimination, the complaint is bereft of any non-conclusory allegations indicating discrimination motivation for any actions or inactions taken by the defendants. The conclusory statements are insufficient to state a plausible discrimination claim under *Twombly*. *See, e.g., Majeed v. ADF Cos.*, 2013 WL 654416, at *7 (E.D.N.Y. Feb. 20, 2013) (dismissing discrimination claims where, "absent any non-conclusory factual allegations from which it may be reasonably inferred that [the] defendant's actions were motivated by discriminatory animus," the plaintiff failed to "move [the] complaint 'across the line from conceivable to plausible'" (quoting *Twombly*, 550 U.S. at 570)); *Williams v. Calderoni*, 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) ("claims that [the plaintiff] 'was singled out because of his race,' and 'subject to racial and housing discrimination

4

at least in part[ ] because of discriminatory animus,' ... [were] insufficient to state a claim under ... *Twombly* and *Iqbal*" (citation omitted)).

As it now stands, the complaint does not plausibly allege a viable claim for relief. Therefore, the complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Since it appears plausible that Collins may be able to articulate a claim against the defendants or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V. MOTIONS

### A. Recusal

Because Collins raises issues of race discrimination, he seeks the recusal of the undersigned and reassignment of the case. Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b)(1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Claims of bias or partiality cannot be

5

based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

Collins provides no basis for recusal other than his belief that the undersigned cannot keep an open opinion and may be prejudiced. In light of the foregoing standard and after considering Collins' assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. § 455. Therefore, the Court will deny the motion. (D.I. 5.)

### B. Injunctive Relief

Collins asks the court to enter an order allowing him to change the locks to his apartment. He states that the maintenance people and another person have a key to his apartment, and they enter his apartment at will.

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.

Upon review of the allegations made by Collins and the lack of any evidence to substantiate his claims, the court concludes that he has not demonstrated the likelihood of

success on the merits. In addition, Collins asks the court to take action that appears to be under the purview of the WHA. Therefore, the court will deny the motion. (D.I. 6.)

## VI. CONCLUSION

The court will: (1) deny the plaintiff's motion to recuse (D.I. 5); (2) deny the plaintiff's motion for injunctive relief (D.I. 6); and (3) dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The plaintiff will be given leave to amend.

An appropriate order will be entered.

\_\_\_\_\_Nov 16\_\_\_\_\_, 2017
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE